Formatted for Electronic Distribution                                                                 Not for Publication

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF VERMONT

In re:

    **Melissa A. Benway and**
    **Dale A. Benway, Jr.,**
               **Debtors.**



Filed & Entered
On Docket
April 19, 2011

Chapter 7 Case
# 10-11481

### ORDER
**GRANTING DEBTORS' MOTION TO RECONSIDER DENIAL OF FILING FEE WAIVER TO REOPEN THEIR CASE, AFFIRMING THE COURT'S ORDER DIRECTING THE DEBTORS TO PAY THE CASE REOPENING FEE AND VACATING THE ERRONEOUSLY ENTERED DISCHARGE**

On November 22, 2010, the Debtors jointly filed a chapter 7 case and failed to timely file a Form 23 showing that they had completed the debtor financial management course (notwithstanding a notice from the Court on February 22, 2011, reminding them that this was due on March 7, 2011, pursuant to 11 U.S.C. § 727(a)(11), within 60 days of the meeting of creditors, and alerting them that they would be required to pay a filing fee if they subsequently sought to reopen their joint case, see doc. # 12). Accordingly, on March 14, 2011, the Court issued a final decree (doc. # 14) and closed the Debtors' case, without entry of a discharge, since the Debtors had not yet filed a completed Form 23. On March 14, 2011, the Debtors filed separate "Motion[s] to Reopen [his/her] Case, to Extend Time to File [his/her] Personal Financial Management Certificate *Nunc Pro Tunc* and to Waive the Filing Fee for this Motion to Reopen" (the "Motions") (doc. ## 15, 16). On March 21, 2011, the Court entered an order that granted the Debtors' Motions to allow their *nunc pro tunc* filing of Form 23 and denied the Debtors' request to waive the case reopening fee (doc. # 18). On March 22, 2011, the Debtors filed a Joint Debtor's [sic] Motion to Reconsider Denial of Waiver of Filing Fee to Reopen Their Case by Supplementing the Record (doc. # 19) (the "Reconsideration Motion"). The Debtors also filed an Official Bankruptcy Form 3B, Application for Waiver of the Chapter 7 Filing Fee For Individuals Who Cannot Pay the Filing Fee in Full Or In Installments – a document to be filed by debtors who are seeking a case filing fee waiver – which they modified to request a waiver of the reopening fee and to which they attach amended Schedules I and J (doc. # 20). On March 28, 2011, due to administrative error, the Clerk's office entered a discharge of the Debtors (doc. # 23) after they each filed an individual Form 23 (doc. # 22), but before the Debtors paid the reopening fee pursuant to the March 21st Order and before the Court ruled upon the instant Reconsideration Motion.

1

The Reconsideration Motion relies on three factors to support the Debtors' request to waive the reopening fee:

1. Debtor's [sic] live in financial circumstances that would satisfy the requirements of 28 U.S.C. § 1930(f);

2. This Court has discretion to waive the filing fee and such a waiver is warranted in the circumstances; and

3. A Memorandum from the Director of the Administrative Office of the United States Courts to the Clerk, United States Bankruptcy Court, Attachment, pages 2–3 (#11), November 23, 2009,[1] authorizes a waiver of the re-opening fee.

(doc. # 19, p.1).

The Debtors attached to the Reconsideration Motion a supplemental affidavit dated March 22, 2001, which stated:

1. See our previous Affidavit filed on our separate Motions to reopen our cases (doc. # 15, doc # 16)[2];

2. We have attached to this Affidavit a modified <u>Form 3B Application for Wavier of the Chapter 7 Case Re-Opening Filing Fee</u>, and hereby attest to those figures contained therein as true and accurate to the best of our knowledge;

3. In addition we have recomputed our Schedules I and J showing our current income and expenditures, and attach those Schedules to our <u>Form 3B Application</u> and hereby attest to those figures contained in those Schedules as true and accurate to the best of our knowledge; and

4. We are unable to come up with the $260.00 filing fee as a result of our extremely tight finances.

(doc. # 19, p.2).

The Court's March 21st Order denying the Debtors' original request to waive the filing fee relied upon the information in the record and the Debtors' Motions with affidavits (doc. ## 15, 16). Additionally, the Court relied upon the pertinent statute, 28 U.S.C. § 1930, and the attached Bankruptcy Court Miscellaneous Fee

---

[1] This attachment is a copy of the Bankruptcy Court Miscellaneous Fee Schedule as codified in the appendix to 28 U.S.C. §1930, and the specific reference by counsel to "# 11" is identical to the ¶ 11 referenced in the Court's March 21st Order denying the Debtors' request to waive the reopening fee.

[2] Read together, the Debtors' original affidavits stated: "(1) We have had car expenses to pay for which left us with little money to complete the course; (2) On the 2nd of March our dog had to be rushed to the vet and we had to pay $400.00 and even then we had to put her down; (3) On March 5th , our daughter got into some legal trouble and ran away from home for three days; (4) [they] knew the due date [the form was due] but just forgot despite [their] lawyer's communication and a notice from the Court; [They] completed the course on March 10th and [their] lawyer got the certificate[s] late afternoon on March 10 through e-mail; and (6) [Mr. Benway is] still not working but expect[s] to be next month" (doc. ## 15, 16).

2

Schedule, which states at ¶ 11 "[t]he reopening fee must be charged when a case has been closed without a discharge being entered."

The Court construes the Debtors' current argument to be that the Debtors are entitled to a waiver of the reopening fee because the parties' financial circumstances make them eligible for a waiver under 28 U.S.C. § 1930(f) and this eligibility gives the Court discretion to waive the reopening fee. They based this argument on new information with respect to the Debtors' current financial circumstances. As articulated in the prior Order, courts do not have the broad discretion to waive the bankruptcy case reopening fee when a discharge has not been entered as they do when the reopening request is made after entry of discharge. While ¶ 11 of the Miscellaneous Fee Schedule grants the Court general discretion to "waive [the reopening] fee under appropriate circumstances . . . ," it specifically states that if a case is closed without a discharge being entered, the reopening fee "must be charged." Thus, the burden is on the Debtors to show why the Debtors are entitled to a waiver of the reopening fee and application of this latter provision, under the specific facts of this case.

In conjunction with their Reconsideration Motion, the Debtors filed a modified Form 3B and amended Schedules I and J, and relying upon these amended forms, they argue they satisfy the criteria for a fee waiver set forth in 28 U.S.C. § 1930(f). It appears that their position is that if a debtor satisfies the criteria for a waiver of the chapter 7 filing fee, that debtor is likewise entitled to a waiver of the reopening fee (even if payment of that fee would otherwise be required by other provisions of § 1930). Thus, they extrapolate that they qualify for a waiver of the reopening fee, notwithstanding the fact that their case was closed prior to the entry of a discharge. Given the new facts presented, and the clearer articulation of this argument, the Court grants the Debtors' Reconsideration Motion, and will re-examine whether the Debtors have met their burden of proof for the granting of a waiver of the reopening fee in this case.

Under 28 U.S.C. § 1930(f)(1), the Court may waive the filing fee for an individual

> if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) and applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1). Thus, in order to qualify for a waiver of the filing fee, an individual's monthly income must be below 150 percent of the official income poverty line <u>and</u> the individual must not be able to pay the filing fee in installments. <u>In re Machia</u>, 360 B.R. 416, 418 (Bankr. D. Vt. 2007).

The Debtors' amended Schedule I indicates a family size of four and a combined average monthly income of $2,836.00. Their amended Schedule J indicates average monthly expenses of $2,923.00 and a net

3

monthly income of negative $87.00.[3]  The current poverty guideline for a family of four is $22,350.00 per year, or $1,862.50 per month.  See Annual Update of the HHS Poverty Guidelines, 76 Fed. Reg. 3637–02, pp. 3637–38 (Jan. 20, 2011).  One hundred fifty percent of this monthly amount is $2,793.75.  This is the critical figure.  Per their Amended Schedule I, the Debtors' monthly income includes non-cash governmental assistance in the form of food stamps in the amount of $26.00, which the Court deducts from the Debtors' income for the purposes of the § 1930(f) analysis.  Machia, 360 B.R. at 419.  This results in a monthly income, for purposes of § 1930(f), of $2,810.00.  This figure exceeds the amount of the "150 percent of the official income poverty line" figure ($2,793.75) and, therefore, the Debtors do not satisfy the first prong of the two-prong test of § 1930(f) for a waiver of the chapter 7 filing fee.[4]   Accordingly, the Debtors' argument that they are eligible for a waiver of the reopening fee based upon their eligibility for a filing fee waiver fails.

Based upon this analysis of the new facts presented, and after due consideration of the entire record in this case, the Debtors' motions, their supporting affidavits, and the pertinent statute and fee schedule,

THE COURT FINDS that although the Debtors set forth new information warranting reconsideration of its March 21st Order denying the Debtors' request for a fee waiver, they did not establish a right to a waiver of the reopening fee in their case where the case was closed prior to entry of a discharge.  THE COURT FURTHER FINDS that the discharge entered in this case was entered erroneously, based upon a clerical error.

Therefore, IT IS HEREBY ORDERED that:

1. the discharge erroneously entered on March 28, 2011 is VACATED;
2. the Joint Debtors' Motion to Reconsider Denial of Waiver of Filing Fee to Reopen Their Case by Supplementing the Record is GRANTED for the Court to consider the new information provided by Debtors regarding their eligibility for a fee waiver under 28 U.S.C. § 1930(f);
3. the Court's March 21st Order denying Debtors' request for waiver of the reopening fee is AFFIRMED;
4. in order to have the case reopened the Debtors must pay the reopening fee of $260.00,
5. the Debtors may pay the reopening fee in installments, and if they choose to do this, they must pay the fee in three monthly installments: $85.00 by May 8, 2011, $85.00 by June 8, 2011, and $90.00 by July 8, 2011; and

---

[3] The Debtors' original Schedule I listed income of $2,878.00, and Schedule J listed expenses of $2,868.00, resulting in a net monthly income of $10.00 (doc. # 1).

[4] If the Debtors met the 150% prong of the test, the Court would consider the totality of the circumstances to determine if the Debtors could pay the fee in installments.  Machia, 360 B.R. at 419–421.  This would include scrutiny of the Debtors' tax refund, and in particular when they received it, the amount of the tax refund, and why a portion of that refund was not available to pay the filing fee, see id., as well as Mr. Benway's employment status and income during period of installment payments. (doc. ## 16, 20).

6.     if the Debtors comply with this Order, a discharge shall be entered in this case promptly after full payment of the reopening fee; and

7.     no trustee shall be reappointed in this case.

SO ORDERED.

Dated: April 19, 2011                                                                            Colleen A. Brown
Burlington, Vermont                                                              United States Bankruptcy Judge